RICHARD LEE KARELAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karelas v. Commissioner
Docket No. 34321-86.
United States Tax Court
T.C. Memo 1988-562; 1988 Tax Ct. Memo LEXIS 591; 56 T.C.M. (CCH) 832; T.C.M. (RIA) 88562; December 13, 1988. Richard Lee Karelas, pro se. Dale A. Raymond, for the respondent RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In a notice of deficiency dated April 30, 1986, respondent determined a deficiency of $ 1,040.60 in petitioner's Federal income tax for 1983. The sole issue for decision is whether petitioner is entitled to a legal fee deduction in the amount of $ 8,000. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Westminister, California, when he filed his petition in this *592 case. Petitioner filed his Federal income tax return for 1983 with the Internal Revenue Service Center, Fresno, California. Petitioner's return was prepared by a tax return preparer who was paid for those services. During 1983, petitioner operated a maintenance business from his home on a part-time basis. Petitioner reported income and claimed deductions from his maintenance business on Schedule C of his 1983 return. Petitioner claimed an $ 8,000 legal fee deduction on this Schedule C. The legal fees which petitioner deducted arose from petitioner's divorce proceedings. Petitioner's divorce proceedings began in March 1982, in Chicago, Illinois. Divorce proceedings were then filed in California in September 1982, and petitioner's divorce became final in November 1983. The major issue in the divorce proceedings was the custody of petitioner's two minor children. OPINION Petitioner appears to argue that we should consider the fact that he relied upon the advice of a tax return preparer when he deducted the legal fees in question. The fact that petitioner may have been improperly advised about deductions is irrelevant to our decision. We must apply the law to the facts *593 that we have found. Section 162 [1] allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 disallows deductions for personal, living, or family expenses. To determine whether an expense is a nondeductible personal expense, as opposed to a deductible trade or business expense, we must look to the origin and character of the expense. . The legal fees which petitioner paid during 1983 arose from petitioner's divorce. The major issue in the divorce proceedings was the custody of petitioner's children. All of the legal expenditures related to petitioner's divorce proceedings stemmed entirely from petitioner's marital relationship. Petitioner's marital relationship was personal. Accordingly, petitioner is not entitled to deduct his 1983 legal fees. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the year in issue.↩